IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | | |
|---|---|---|
| MICHAEL GOFF, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Case No. 07-3040-KI |
| | ) | |
| vs. | ) | OPINION AND ORDER |
| | ) | |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | ) ) | |
| | ) | |
| Defendant. | ) ) | |

Michael Goff
2080 Antelope Road
White City, Oregon 97503

    Pro Se Plaintiff

Karin J. Immergut
United States Attorney
District of Oregon
Britannia I. Hobbs
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, Oregon 97204-2902

Leisa A. Wolf
Special Assistant United States Attorney
Social Security Administration
701 5th Avenue, Suite 2900 M/S 901
Seattle, Washington 98104-7075

Attorneys for Defendant

KING, Judge:

Plaintiff Michael Goff brings an action challenging the cessation of Social Security payments in approximately 1980 to 1985. The Commissioner has filed a Motion to Dismiss (#8) on the basis that this court lacks subject matter jurisdiction. Plaintiff has not filed a response.

## BACKGROUND

Plaintiff filed a Request for Hearing on December 18, 2006 demanding that the Social Security Administration pay him what he calls "the hiatus payment" from between approximately 1979 to 1985. He asserted in the Request for Review that the Administration stopped the direct deposit of funds into his account; he implies that the cessation of funds may have been due to his change of banks. On January 26, 2007,[1] the ALJ issued a decision finding that plaintiff did not timely appeal the order terminating his benefits in 1976. On April 26, 2007, the Appeals Council denied plaintiff's request for review. Plaintiff then filed this action.

The ALJ's decision explains that plaintiff began receiving SSI benefits after he filed an application on January 1, 1974. The Administration terminated benefits by notice dated July 10, 1976, with the termination beginning in September of 1976. Plaintiff filed a new application in

---

[1] The government explains in its memorandum that the "January 26, 2006" date on the ALJ's decision was a typographical error.

November 1981 and in February 1984. The 1984 application was granted and plaintiff has received benefits since then.

Plaintiff appealed the decision to the Appeals Council, and on April 26, 2007, the Appeals Council denied plaintiff's request for review.

## LEGAL STANDARDS

A motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(1) addresses the court's subject matter jurisdiction. The party asserting jurisdiction bears the burden of proving that the court has subject matter jurisdiction over his claims. Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375, 377 (1994). A Rule 12(b)(1) motion may attack the substance of the complaint's jurisdictional allegations even though the allegations are formally sufficient. St. Clair v. City of Chico, 880 F.2d 199, 201 (9th Cir. 1989).

Before dismissing a *pro se* complaint, the court should instruct the *pro se* litigant as to the deficiencies in the complaint and grant leave to amend. Eldridge v. Block, 832 F.2d 1132, 1136 (9th Cir. 1987). However, the court may dismiss a *pro se* complaint outright when it is "absolutely clear that the deficiencies of the complaint could not be cured by amendment." Broughton v. Cutter Labs., 622 F.2d 458, 460 (9th Cir. 1980).

## DISCUSSION

The Commissioner moves to dismiss plaintiff's Complaint on the basis that this court lacks subject matter jurisdiction over his claim. According to the Commissioner, 42 U.S.C. § 405(g) limits this court's ability to review the Commissioner's 1976 decision to terminate benefits. That section provides in part:

> Any individual, after any **Final decision** of the Secretary **made after a hearing** to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Secretary may allow.

42 U.S.C. §405(g) (emphasis added).

In order to constitute a "final decision," a claimant must comply with all of the following administrative steps:

> (1) Initial determination. This is a determination we make about your eligibility or your continuing eligibility for benefits or about any other matter, as discussed in § 416.1402, that gives you a right to further review.
>
> (2) Reconsideration. If you are dissatisfied with an initial determination, you may ask us to reconsider it.
>
> (3) Hearing before an administrative law judge. If you are dissatisfied with the reconsideration determination, you may request a hearing before an administrative law judge.
>
> (4) Appeals Council review. If you are dissatisfied with the decision of the administrative law judge, you may request that the Appeals Council review the decision.
>
> (5) Federal court review. When you have completed the steps of the administrative review process listed in paragraphs (a)(1) through (a)(4) of this section, we will have made our final decision. If you are dissatisfied with our final decision, you may request judicial review by filing an action in a Federal district court.

20 C.F.R. § 416.1400.

Here, plaintiff neglected to request review of the termination decision within the 65 days required by regulation. Id.; 20 C.F.R. § 416.1336(b) (request review within 60 days after "date of receipt of notice"); 20 C.F.R. § 1401 ("date of receipt of notice" means five days after the date on the notice).

Nevertheless, where a plaintiff raises a "colorable constitutional claim" that "implicates a due process right either to a meaningful opportunity to be heard or to seek reconsideration of an adverse benefits determination," jurisdiction is premised on federal question jurisdiction under 28 U.S.C. § 1331. Evans v. Chater, 110 F.3d 1480, 1483 (9th Cir. 1997) (internal citations and corrections omitted). The Due Process Clause requires that an applicant receive meaningful notice and an opportunity to be heard before his claim for disability benefits may be denied. Gonzalez v. Sullivan, 914 F.2d 1197, 1203 (9th Cir. 1990) (assertions of injury and inability to work supported claim of property interest in receiving benefits); see also Mathews v. Eldridge, 424 U.S. 319, 333 (1976) (due process required before terminating benefits). A constitutional claim is "colorable" if it is not "wholly insubstantial, immaterial, or frivolous." Boettcher v. Sec'y of Health & Human Serv., 759 F.2d 719, 722 (9th Cir. 1985). An allegation that is "purely conclusory, unsupported by facts" is inadequate. Davis v. Schweiker, 665 F.2d 934, 936 (9th Cir. 1982).

In his Complaint, plaintiff alleges that the agency "cutoff" his payments "without notice and local circumstances at the time made it inadvisable to pursue this." Complaint at 4.[2] He mentions, however, that the termination of benefits may have been due to his taking college courses, which he paid for by using insurance proceeds from "an ostensible passenger 'auto accident,'" as well as work for which he claims he received little or no money. Id. at 5, 4. Nevertheless, he explains that he did not challenge the termination then due to "unnecessary medical operations at a new 'Hernia Clinic' in Portland," deprivation of food stamps, and the

---

[2]Plaintiff's Complaint does not contain separate paragraph numbers, so I will reference page numbers instead.

Department of Education pursuing the repayment of a GSL loan for which he did not apply, among other reasons. Id. at 5. Plaintiff sums up his reason for the late filing as follows: "That this document is submitted now, rather than a few years ago, is . . . a result of extortion with economic privation, medical atrocities and that vicious mind control cult; still difficult to keep the deadlines in a brain-damaged cult-indoctrinated brain/CNS." Id. at 14.

As the court in Boettcher noted, a determination about whether "a constitutional claim is colorable necessarily involves a review of its merits." 759 F.2d at 722. After reviewing plaintiff's allegations, the fact that he is raising this issue more than twenty-five years too late, the evidence provided by the Commissioner in support of his Motion to Dismiss, as well as the fact that plaintiff neglected to respond to the motion, I conclude plaintiff has failed to raise a "colorable constitutional claim" that the Commissioner violated his due process rights.

As a result, this court does not have subject matter jurisdiction over this action and plaintiff cannot cure this deficiency.

## CONCLUSION

For the foregoing reasons, the Commissioner's Motion to Dismiss (#8) is granted and this case is dismissed with prejudice.

IT IS SO ORDERED.

Dated this ___30th___ day of October, 2007.

       /s/ Garr M. King
      Garr M. King
      United States District Judge